Matthew D. Murphey, Esq. (SBN 194111)
TROUTMAN SANDERS LLP
550 West B Street, Suite 400
San Diego, CA  92101-3599
Tel: (619) 235-4040 / Fax: (619) 231-8796
Email:  matt.murphey@troutmansanders.com

Kurtis D. MacFerrin, Esq. (SBN 178006)
Cora L. Schmid, Esq. (SBN 237267)
LIFE TECHNOLOGIES CORP.
5791 Van Allen Way
Carlsbad, CA  92008
Tel:  (760) 603-7200 / Fax:  (760) 602-6500
Email:  kurtis.macferrin@lifetech.com
            cora.schmid@lifetech.com

Attorneys for Defendant
LIFE TECHNOLOGIES CORP.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROLL BUSTERS, LLC,<br><br>          Plaintiff,<br><br>v.<br><br>ROCHE DIAGNOSTICS GMBH, ROCHE MOLECULAR SYSTEMS (RMS), ROCHE DIAGNOSTICS CORP. D/B/A ROCHE APPLIED SCIENCES, EUROGENTEC NORTH AMERICA INC., CLONTECH LABORATORIES INC., INTEGRATED DNA TECHNOLOGIES (IDT), LIFE TECHNOLOGIES CORP., QIAGEN NV., THERMO FISHER SCIENTIFIC, INC., QUANTA BIOSCIENCES, INC., GENE LINK INC., GENSCRIPT USA INC., EMD CHEMICALS INC., TRILINK BIOTECHNOLOGIES INC., and CEPHIED,<br><br>          Defendants. | Case No.  11-cv-0056 IEG (WVG)<br><br>**LIFE TECHNOLOGIES CORP.'S NOTICE OF JOINDER AND JOINDER IN DEFENDANTS ROCHE MOLECULAR SYSTEMS AND ROCHE DIAGNOSTICS CORP.'S MOTION TO DISMISS (DKT. NO. 91)**<br><br>Date:       June 13, 2011<br>Time:      10:30 a.m.<br>Courtroom: 1, Fourth Floor<br>Judge:     Hon. Irma E. Gonzalez |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that defendant Life Technologies Corp. ("Life Tech") hereby joins in co-defendants Roche Molecular Systems and Roche Diagnostics Corp.'s

(collectively "Roche's") Motion to Dismiss (Dkt. No. 91), for all of the reasons set forth therein. Life Tech reserves the right to participate in any further briefing and oral argument.

Each of the arguments presented in Roche's Motion to Dismiss also applies to Troll Busters' allegations against Life Tech. Troll Busters' allegations against Life Tech fail to meet the required pleadings standards of Fed. R. Civ. P. 9(b) for the same reasons that Troll Busters' allegations against Roche fail, as outlined in Roche's Motions to Dismiss. First, Troll Busters has failed to plead facts that permit an inference that Life Tech acted with the intent to deceive the public. Instead, Troll Busters offers nothing more than the conclusory allegation that Life Tech "intended to deceive the public by marking the products or forcing its licensees to mark its licensed products with one or more of the Expired Patents and/or using said expired Patents in advertising materials available to the general public." (Dkt. No. 84, ¶ 135). Such conclusory allegations are insufficient. Further, Troll Busters pleads facts showing that Life Tech did ***not*** intent to deceive the public by pleading that Life Tech "attempted to disable some links within its website, but the falsely marked expired patents still appear." (Dkt. No. 84, ¶ 83). Allegations that Life Tech attempted to remove accused materials contradict Troll Busters' vague assertions that "Defendants' intent is further demonstrated by their post-suit conduct." (Dkt. No. 84, ¶¶ 104, 134). As set forth in Roche's Motion to Dismiss, such bald, conclusory allegations regarding intent cannot survive a motion to dismiss as a matter of law.

Similarly, Troll Busters' First Amended Complaint fails to allege a factual basis to support the conclusory allegation that Life Tech actually knew the patents at issue had expired. (*See* Dkt. No. 84, ¶¶ 110, 134). Troll Busters' allegation that the defendants are large, sophisticated companies who have experience with the patent system was recently addressed by the Federal Circuit and held to be insufficient to survive a motion to dismiss. *In re BP Lubricants USA Inc.*, 2011 WL 873147, 1-2 (Fed. Cir. Mar. 15, 2011); (*See* Dkt. No. 84, ¶¶ 97-100). Further, not only are Troll Busters' allegations that "[a]rticles and discussions in industry publications described the expiration of at least the '202 Patent, '195 Patent and '188 Patent" unacceptably vague, they also have no applicability to Life Tech as Troll Busters

1  has not alleged that Life Tech falsely marked with these patent numbers. (*Compare* Dkt. No.
2  84, ¶ 105 *with* Dkt. No. 84, ¶¶ 81-82). And, as explained in Roche's Motion to Dismiss,
3  allegations that Life Tech, as a licensor, must have known of the expiration of the patents is
4  no more than speculation. (*Compare* Dkt. No. 84, ¶ 101, 102 *with* Dkt. No. 91-1 at 8).

5  Second, Troll Busters has failed to sufficiently plead that Life Tech engaged in any
6  conduct prohibited by the false marking statute. As Roche's Motion to Dismiss lays out, the
7  False Marking Statute only prohibits "mark[ing a patent number] upon, or affix[ing a patent
8  number] to, or "us[ing a patent number] in advertising" an unpatented article. (Dkt. No. 91-1
9  at 9-11 (citing 35 U.S.C. § 292(a))). Troll Busters does not sufficiently allege that Life Tech
10 marked, affixed, or advertised a patent number on an unpatented article. There are simply no
11 specific factual allegations in the First Amended Complaint that the patents at issue were
12 marked upon or affixed to Life Tech's products or their packaging. Troll Busters fails to
13 identify the language it considers to be a false marking, when and where the language was
14 used and who made the decision to use it. (*See* Dkt. No. 94, ¶¶ 81-82, 133). The generalized
15 allegation that patent numbers were used with Life Tech's products is not sufficient to survive
16 a motion to dismiss because only certain uses of patent numbers are prohibited under the
17 False Marking Statute. (*See* Dkt. No. 91-1 at 8-9.) Nor does Troll Busters identify any
18 alleged wrongful advertisements, when or where any alleged improper language was used, or
19 how Life Tech used the patents in a manner importing or suggesting that the products were
20 covered by such patents. (*See* Dkt. No. 84, ¶¶ 45, 70, 81-83, 103, 133, 134).

21 Life Tech also joins in Roche's arguments that the False Marking Statute is
22 unconstitutional. As explained in Roche's Motion to Dismiss, the False Marking Statute fails
23 to provide sufficient control to the Executive Brand and because it undermines the principle
24 of separation of powers. (*See* Dkt. No. 91-1 at 14-22.)

25 This joinder is based on this Notice of Joinder and Joinder, Roche Molecular Systems
26 and Roche Diagnostics Corp.'s Notice of Motion and Motion to Dismiss, their Supporting
27 Memorandum and Points and Authorities, the accompanying declaration and exhibits thereto,
28 their Notice of Challenge to Constitutionality of a Statute Pursuant to FRCP 5.1, the

1 | pleadings, records, and files in this action, and such other arguments and evidence as may be
2 | presented prior to and at the hearing on this motion.

3

4 | Dated: May 9, 2011           /s/ Matthew D. Murphey
                                  Matthew D. Murphey, Esq.
5                                 TROUTMAN SANDERS LLP
                                  Attorneys for Defendant
6                                 LIFE TECHNOLOGIES CORP.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 9, 2011 to all counsel of record who are deemed to have consented to electronic service for the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

Dated: May 9, 2011                                      /s/ Matthew D. Murphey